**MARTIN ♦ KANE ♦ KUPER**
Attorneys at Law
180 Tices Lane
Building B, Suite 200
East Brunswick, NJ 08816
(732) 214-1800
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MARILYN HUERTERO**, Individually and **MARILYN HUETERO** as G/A/L for **JONATHAN ARRIAGA** (infant),<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES OF AMERICA; US DEPARTMENT OF HEALTH & HUMAN SERVICES** and JOHN and JANE DOES #1-10 (representing presently unidentified physicians, nurses, technicians, radiologists, assistants, etc.)<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NO:<br><br><br>**COMPLAINT AND JURY DEMAND**<br>(Medical Negligence) |

## PARTIES

1. This is a medical negligence case alleging a doctor's deviation from accepted standards of practice in his evaluation, management and treatment of the labor and delivery and post-natal/pre-natal care of the plaintiff's Marilyn Huertero and Jonathan Arriaga.

2. The plaintiffs' reside at 731 Marlin Avenue, Lakewood, NJ 08701.

3. The plaintiff Marilyn Huertero brings this action individually and as Guardian ad Litem of Jonathan Arriaga, an infant, born February 14, 2010.

4. Adam Repole, MD is an OB/GYN specialist licensed by the State of New Jersey.

5. Adam Repole, MD managed the care of plaintiffs throughout her pre-natal period, labor and delivery and post-natal period.

6. At the relevant time, Adam Repole, MD was a "medical provider" in the employ of Ocean Health Initiatives, Inc. ("OHI").

## JURISDICTION

7. OHI and its providers are covered under the Federal Tort Claims Act ("FTCA"), Section 224 of the Public Health Service Act, as amended by the Federally supported Health Centers Assistance Act of 1992 and 1994 and are eligible contractors and employees considered Federal Employees under the FTCA.

8. Under the applicable Sections of the FTCA, all claims against eligible center and their employees must be brought against the United States. This Court therefore has jurisdiction pursuant to 28 USC §§ 1346 et seq.

9. Heretofore an action was filed in New Jersey Superior Court on February 14, 2012 naming Adam Repole, MD, Shannon Stillwell, RN and Kimball Medical Center/St. Barnabas Health Care System as defendants.

10. The above referenced State Court action was removed to New Jersey Federal District Court on August 24, 2012.

11. An administrative Claim was thereafter filed and served on March 8, 2013.

12. On April 2, 2013, plaintiff's received a denial of their Administrative Claim.

13. This action is now filed under the saving provisions of 28 USCA § 2679 (d)(5).

## FACTS GIVING RISE TO CLAIMS

14. In 2010, Marilyn Huertero was a 22 year old single Hispanic premie gradiva

with a expected delivery date of March 22, 2010.

15. On February 14, 2010, at 37.5 weeks gestation, the plaintiff, Marilyn Huertero was admitted to the Labor and Delivery Department at Kimball Medical Center, Lakewood, NJ, with a complaint of ruptured membranes and an irregular contractions.

16. At the time and place aforesaid, the plaintiff Marilyn Huertero came under the care of OB/GYN specialist, Dr. Adam Repole, an employee of Ocean Health Initiatives, Inc.

17. Pitocin was administered to augment labor and subsequently as a consequence of maternal exhaustion, a vacuum assisted delivery was implemented.

18. The infant-plaintiff, Jonathan Arriaga, was born on February 14, 2010 at 37.5 weeks gestation, weighing 3460 grams. At the time of delivery the infant plaintiff was observed to demonstrate a left upper extremity with decreased movement from shoulder to elbow. After admission to the newborn nursery the infant plaintiff, Jonathan Arriaga was diagnosed with "shoulder dystocia" and subsequently diagnosed with "left brachial plexis palsy/erbs palsy".

## FIRST COUNT

19. Plaintiffs repeats, realleges and incorporates by reference herein the facts set forth above.

20. The physician named and Jane & John Does #1-10 (whose identities are presently unknown to the plaintiffs) deviated from generally accepted standards of practice by failing to appropriately evaluate and manage the plaintiff, Marilyn Huertero's pre-natal care and labor and delivery and failed to appropriately treat the infant plaintiff, Jonathan Arriaga and after the birth of the infant, by failing to appropriately evaluate and treat the infant plaintiff which resulted in serious and permanent injuries.

21. As a direct and proximate result of the negligence of Adam Repole, MD and

John & Jane Does #1-10 whose identities are presently unknown to the plaintiffs) and their deviation from generally accepted standards of practice, the plaintiff, Marilyn Huertero and infant plaintiff, Jonathan Arriaga, sustained severe and permanent injuries; have suffered and continue to suffer great pain and anguish; have incurred and continue to incur large sums for medical care and attention, and will in the future continue to incur large sums for medical care and will lose time from education and work.

**WHEREFORE**, the plaintiff, Marilyn Huertero and infant plaintiff, Jonathan Arriaga, by his Guardian ad Litem, Marilyn Huertero, demand judgment against the defendants, jointly and/or severally, for damages, interest and costs of suit.

## SECOND COUNT

22. Each and every allegation of the First Count is repeated as though more fully set forth herein.

23. The plaintiff, Marilyn Huetero, was at all times relevant hereto, the parent of the infant plaintiff, Jonathan Arriaga.

24. As a direct and proximate result of the negligence of the physicians named in Count One, jointly and/or severally, and their deviation from generally accepted standards of practice, the plaintiff, Marilyn Huertero, was deprived and continue to be deprived of the society and services of her injured child; has expended and continues to expend large sums of money for his medical care and treatment and will in the future continue to be deprived of his society and services.

**WHEREFORE**, the plaintiff, Marilyn Huertero, individually, demands judgment against the defendants, jointly and/or severally, for damages, interest and costs of suit.

## THIRD COUNT

25. Each and every allegation of the First and Second Counts are repeated as though more fully set forth herein.

26. As a direct and proximate result of the negligence of the physicians named in Count I, jointly and/or severally, and their deviation from generally accepted standards of practice, the plaintiff, Marilyn Huertero, individually, was caused to suffer severe emotional and psychological injuries and bring this action for compensation for those injuries and damages cognizable under the laws of the State of New Jersey.

**WHEREFORE**, the plaintiff, Marilyn Huertero, individually, demands judgment against the defendants, jointly and/or severally, for damages, interest and costs of suit.

## FOURTH COUNT

27. Each and every allegation of the First, Second and Third Counts is repeated as though more fully set forth herein.

28. The above named physicians were negligent and deviated from the appropriate medical standard of care or standard medical practice, were careless and failed to exercise the degree of knowledge, training, skill and expertise they held themselves out to possess in that the defendants failed to follow and carry out rules, practices and requirements for standard safe medical procedure for the diagnosis, care and treatment of plaintiff, Marilyn Huertero; failed and neglected to heed the signs and symptoms that plaintiff, Marilyn Huertero was exhibiting in the course of treatment; failed to administer and perform proper diagnostic steps or treatment necessary to safely and effectively diagnose and treat plaintiff, Marilyn Huertero's condition; failed to properly advise plaintiff, Marilyn Huertero, of the risks, possibility of harm, injury and/or death associated with the proposed course of treatment or intervention; failed to properly advise the plaintiff, Marilyn Huertero, of alternatives to

treatment proposed or alternative courses of treatment and/or otherwise failed to obtain the plaintiff's mother's informed consent; failed to otherwise exercise due, proper and reasonable care in the treatment, care, rehabilitation and convalescence of plaintiff, Marilyn Huertero and were otherwise careless and negligent in the medical care of plaintiff, Marilyn Huertero.

**WHEREFORE**, the plaintiff, Marilyn Huertero, individually, demands judgment against the defendants, jointly and/or severally, for damages, interest and costs of suit.

## SIXTH COUNT

29. Each and every allegation of the First, Second, Third and Fourth Counts is repeated as though more fully set forth herein.

30. As a direct result of the negligence and deviations as set forth herein, the infant plaintiff, Jonathan Huertero, had suffered severe and permanent injuries.

31. As a direct and proximate result of the negligence aforesaid, the infant plaintiff has and will suffer pain, has and will suffer from a permanent disability, has and will be limited in his ability to pursue educational, athletic and employment opportunities in the future, has and will need continuing medical, occupational, physical, vocational and psychological care and treatment, will be limited in employment opportunities and will consequently experience economic losses.

**WHEREFORE**, the plaintiff, Jonathan Arriaga, individually, demands judgment against the defendants, jointly and/or severally, for damages, interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues herein presented.

## AFFIDAVIT OF MERIT

**PLEASE TAKE NOTICE** that an Affidavit of Merit as required by 2A:53A-27 is appended hereto.

MARTIN, KANE & KUPER
Attorneys for Plaintiffs

By _____
JAMES D. MARTIN

Dated: 6/17/13

## CERTIFICATION

**JAMES D. MARTIN**, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and a partner of the firm of Martin, Kane & Kuper, attorneys for and on behalf of the plaintiff in the within matter.

2. The matter involved here, as far as I know, is not the subject of any action pending in this or any other court, nor is it the subject of any pending arbitration proceeding or Workers Compensation petition.

3. I know of no party who should be joined in this action who has not already been joined.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 6/17/13

_____
JAMES D. MARTIN

MARTIN KANE & KUPER
180 Tices Lane
Building B, Suite 200
East Brunswick, NJ 08816
(732) 545-0745
Attorneys for Plaintiff(s)

RE: Jonathan Arriago (infant) by G/A/L Marilyn Huertero v. Repole

## AFFIDAVIT OF MERIT PURSUANT TO 2A:53A-27

STATE OF NEW JERSEY
COUNTY OF __Ocean County__

MICHAEL KREITZER, M.D., of full age, being duly sworn according to law, upon my oath deposes and say:

1. I am a medical doctor, having been licensed in the State of __New Jersey__ since 19__67__

2. I am certified in the field of __OB-GYN__ and have been so board certified since 19__74__, and have particular expertise in the general area/specialty of __Obstetrics + Gynecology__ which is the subject involved in the cause of action for a period of at least five years.

3. I also have particular expertise in the general area/ __Obstetrics + Gynecology__ specialty of __OB-GYN__ and am familiar in the subject action because my practice has been substantially devoted to the general area or specialty involved in the subject action for a period of at least five years.

4. I have no financial interest in the outcome of the subject action under review.

5. Based upon my review of this case, there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by Defendants, __ADAM REPOLE, MD__ in their treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 12/23/11

MICHAEL KREITZER, MD

Subscribed and sworn before me this 23 day of December 2011

Notary Public of the State of New Jersey

SEVAN KAZIKOJIAN
Notary Public
State of New Jersey
My Commission Expires Sept. 20, 2016